D+F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X    NOT FOR PUBLICATION

BARBARA ZINNAMON,

                Plaintiff,    MEMORANDUM
                    AND ORDER
  -against-
                    06-CV-1805 (ARR)
THE BANK OF NEW YORK,

                Defendant.
-------------------------------------------------------X
ROSS, United States District Judge:

    Plaintiff Barbara Zinnamon, appearing *pro se*, brings this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, alleging that the Bank of New York discriminated against her based on her disability. The Court grants plaintiff's request to proceed *in forma pauperis* but dismisses the complaint for the following reasons.

## Background

    Plaintiff alleges that the discriminatory acts occurred on April 30, 1996 and continue although plaintiff is no longer employed at the Bank of New York. Complaint at 3. The Equal Employment Opportunity Commission ("EEOC") issued a dismissal and notice of rights on January 20, 2006, determining that plaintiff's charge was not timely filed with the EEOC. In a prior action, plaintiff sued the Bank of New York alleging employment discrimination. See Zinnamon v. Bank of New York, 98-CV-5705 (ARR). On May 5, 1999, the Honorable Charles P. Sifton approved the settlement and stipulation of discontinuance with prejudice of this matter. On June 4, 2001, Judge Sifton construed plaintiff's letter dated December 1, 2000, as a request to enforce the settlement agreement and denied the application.

1

Since that time, plaintiff has repeatedly sought to reopen this case or to seek permission to file a late notice of appeal. On April 23, 2002, plaintiff moved to reopen the case. Judge Sifton referred the request to Magistrate Judge Lois Bloom and on May 10, 2002, Judge Bloom denied plaintiff's request to reopen the case. Plaintiff then filed an appeal from the denial of the order seeking to reopen the case. On July 23, 2002, the case was reassigned to my docket. By order dated July 31, 2002, I denied plaintiff's request for an extension of time to file a late notice of appeal. By order dated January 22, 2003, I denied plaintiff's request to reopen the case. By order dated January 5, 2005, I denied plaintiff's second request for an extension of time to file a late notice of appeal. On September 22, 2005, the United States Court of Appeals for the Second Circuit dismissed plaintiff's appeal as untimely. By order dated December 6, 2005, I denied plaintiff's third request for an extension to time to file a late notice of appeal. By order dated December 28, 2005, Judge Bloom denied plaintiff's attempt to reargue her case and warned plaintiff that she could not "open a new case" regarding this matter and that any further submission filed under the closed case would be returned to her.

The instant complaint appears to be plaintiff's latest attempt to relitigate a matter that has been closed since 1999. Although plaintiff submits an EEOC letter dated January 20, 2006, it is clear from the complaint that the discriminatory acts she complains of are the same as those which formed the basis for the complaint against the Bank of New York in 98-CV-5707. For example, plaintiff alleges that the discriminatory acts occurred on April 30, 1996, see Complaint at 3, and that she filed charges regarding this alleged discriminatory conduct on April 30, 1996 and January 27, 1997. Id. The EEOC letter determining that the claims are untimely support the court's conclusion that plaintiff is attempting to relitigate her prior discrimination claims.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the court is required to dismiss a complaint, filed *in forma pauperis*, if the complaint ... is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). Because plaintiff is proceeding *pro se*, her complaint is read liberally and interpreted as raising the strongest arguments they suggest. Burgos v. Hopkins, 14 F.3d 787, 780 (2d Cir. 1994).

## Discussion

### A. Res Judicata

"Under the doctrine of *res judicata*, or claim preclusion, [a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)) (internal quotation marks omitted) Stipulations dismissing actions "with prejudice" have the effect of a final adjudication on the merits and bar future suits upon the same cause of action. Nemaizer v. Baker, 793 F.2d 58, 60-61 (2d Cir. 1986) ("A dismissal with prejudice arising out of an agreement of the parties is an adjudication of all matters contemplated in the agreement, and a court order which memorializes this agreement bars further proceedings."); see also Greenberg v. Board of Governors of Fed. Reserve System, 968 F.2d 164, 168 (2d Cir. 1992) (settlement agreement is a final judgment on the merits).

3

Here, plaintiff's stipulation agreement dismissed the complaint "with prejudice." As such, it has the effect of a final adjudication on the merits. Therefore, plaintiff is precluded under *res judicata* from raising claims of discrimination in this action that were or could have been asserted in the prior action against this defendant. Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 284-91 (2d Cir.), cert. denied, 531 U.S. 1035 (2000).

B.  ADA Charge - 300 Day Filing Period

Even if the instant complaint was not precluded by *res judicata*, the complaint would be dismissed as time-barred. To sustain a claim of employment discrimination under the ADA, plaintiff must exhaust her administrative remedies by filing a charge of discrimination with the EEOC or other appropriate agency within 300 days from the date of the act of discrimination. 42 U.S.C. § 2000e-5(e)(1) (referenced by 42 U.S.C. § 12117(a)); see also Tewksbury v. Ottoway Newspapers, 192 F.3d 322, 325 (2d Cir. 1999) (ADA complaint may be time-barred in district court if charge before the EEOC was not timely filed) (citing Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998)). Here, plaintiff's charge is clearly untimely. Plaintiff alleges that the discriminatory conduct occurred on April 30, 1996, see Complaint at 3, nearly 10 years ago. Although plaintiff alleges that she filed charges with the EEOC on January 28, 1997, see id., the EEOC letter belies that claim. It is apparent that the charges she filed with the EEOC on January 28, 1997 were related to her complaint filed in 98-CV-5707 and not the instant complaint. Therefore, as plaintiff did not file the discrimination charge with the EEOC or other appropriate agency within the required 300-day period, her ADA claim, to the extent it is not barred by the doctrine of *res judicata*, is time-barred and must be dismissed. Stuevecke v. New York Hosp. Medical Center of Queens, No. 01-CV-326 (FB), 2003 WL 22019073, at *3 (E.D.N.Y. Aug. 26, 2003) (dismissing time-barred ADA claim).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as set forth above. 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-A 1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
       ~~April~~ May 3, 2006

5