UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

BARBARA ZINNAMON,

                Plaintiff,

-against-

THE BANK OF NEW YORK,

                Defendant.

------------------------------------------------------------X

PRINT OR ELECTRONIC
NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

06-CV-1805 (ARR)

ROSS, United States District Judge:

By order dated May 3, 2006, the court dismissed plaintiff's employment discrimination complaint brought pursuant to the Americans with Disabilities Act of 1990. The judgment dismissing the action was entered on May 8, 2006. Plaintiff now submits two letters dated May 10, 2006 and May 15, 2006, which are liberally construed as a motion for reconsideration. Plaintiff's request for reconsideration is denied as set forth below.

## Standard for Reconsideration

Because the motion for reconsideration was filed within ten days after entry of the judgment, plaintiff's letters are combined and construed as a motion under Rule 59(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").[1] Motions for reconsideration under Fed. R. Civ. P. 59(e) are governed by the same standards governing reconsideration under Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3").

---

[1] The United States Court of Appeals for the Second Circuit has "long held that a postjudgment motion made within 10 days after entry of judgment, if it involves reconsideration of matters properly encompassed in a decision on the merits, is to be deemed a motion to alter or amend the judgment pursuant to Rule 59(e), thereby extending the time of the parties to appeal." Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 136-37 (2d Cir. 2000).

1

The standard for granting a motion for reconsideration pursuant to either Fed. R. Civ. P. 59(e) or Local Civil Rule 6.3 is "strict, and reconsideration will generally be denied." Herschaft v. New York City Campaign Finance Board, 139 F.Supp.2d 282, 283 (E.D.N.Y. 2001). "A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." Herschaft, 139 F.Supp.2d at 284 (internal quotations omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Olle v. Columbia Univ., No. 02 Civ. 8552 (RWS), 2004 WL 2580684, at *2 (S.D.N.Y. Nov. 15, 2004). District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003). Consequently, a motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. Shrader, 70 F.3d at 257.

Here, Zinnamon's request for reconsideration fails to establish that the court has overlooked a controlling factual matter or legal authority. The court dismissed plaintiff's instant complaint because the ADA claim was not timely filed and, in any event, the complaint was barred by the doctrine of *res judicata*. Plaintiff argues that her complaint is not related to her prior action because she is seeking to bring a "new case from 1996 to present as disability discrimination." Plaintiff's Letter dated May 10, 2006 (emphasis in original); Plaintiff's Letter dated May 15, 2006. Plaintiff's prior complaint against the Bank of New York was discontinued by stipulation on May 5, 1999. See Zinnamon v. Bank of New York, 98-CV-5705 (ARR). There is nothing in plaintiff's letters to suggest that her ADA claims against the Bank of New York, where she has not worked since 1996,

are timely. In fact, plaintiff cannot rely on the issuance of a new right to sue notice from the EEOC dated January 20, 2006 to establish that her ADA claim is timely since even the EEOC indicated that plaintiff's discrimination charge was not timely filed with the EEOC. In any event, the doctrine of *res judicata* prevents plaintiff from litigating claims that could have been raised in the prior case.

## Conclusion

Accordingly, Zinnamon's motion for reconsideration is hereby denied. The court certifies that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of the appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
June 5, 2006

3